

# NUMBER 13-21-00119-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

## IN THE MATTER OF MARRIAGE OF MA. NOELIA ZAMARRON AND JOSE LUIS ZAMARRON AND IN THE INTEREST OF CNZ, A CHILD

### On appeal from the 257th District Court
of Harris County, Texas.

## MEMORANDUM OPINION

### Before Justices Hinojosa, Tijerina, and Silva
Memorandum Opinion by Justice Tijerina

Appellant Jose Luis Zamarron appealed the trial court's final divorce decree. The parties filed a joint motion to refer the cause to mediation. On October 6, 2021, we abated the cause and ordered it to mediation.[1]

On December 6, 2021, appellee Ma. Noelia Zamarron and appellant filed an

---

[1] This appeal was transferred from the First Court of Appeals in Houston, Texas pursuant to a docket-equalization order issued by the Texas Supreme Court. *See* TEX. GOV'T CODE ANN. § 73.001.

agreed motion for dispositive relief after mediation. The motion states that mediation occurred on November 22, 2021, and the parties "came to an agreement concerning all child issues, and to remand property/martial estate issues back to the trial court." Specifically, the parties request that we affirm the trial court's judgment as to the parenting plan, joint managing conservatorship, standard possession order, medical and dental support, and name change. Next, the parties ask us to remand "all issues of property and debt pertaining to the marital estate, including community and separate property and debt, to the trial court." The motion further requests that we render judgment reducing the amount of child support in the final divorce decree from $701.75 per month to $675 per month beginning December 1, 2021, and "the amount of retroactive child support owed by appellant to $0.00."

This case is hereby reinstated. Having considered the documents on file and the joint motion, in accordance with the parties' request and without reaching the merits of the appeal, this Court is of the opinion that the motion, as construed, should be granted in part and denied in part. *See* Tex. R. App. P. 42.3(a). The judgment of the trial court is affirmed as to the parenting plan, joint managing conservatorship, standard possession order, medical and dental support, and name change. Without regard to the merits and in accordance with the parties' motion, the trial court's judgment is reversed as to "all issues of property and debt pertaining to the marital estate, including community and separate property and debt" and as to the amount of child support awarded and the amount of retroactive child support appellant owes. We deny the parties request to render judgment reducing the amount of child support in the final divorce decree from $701.75 per month

2

to $675 per month beginning December 1, 2021, and "the amount of retroactive child support owed by appellant to $0.00."

We remand the cause to the trial court for proceedings consistent with the mediated agreement and for entry of an agreed judgment regarding the parties' request pertaining to child support in sections 4b and 4c of their motion and for further proceedings concerning "all issues of property and debt to the marital estate, including community and separate proper and debt." If our understanding of the parties' request is in error, we invite the parties to file a motion for rehearing. In accordance with the agreement of the parties, costs are taxed against the party incurring same. *See* TEX. R. APP. P. 42.1(d).

JAIME TIJERINA
Justice

Delivered and filed on the
21st day of December, 2021.